UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBBIE L. QUIST** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC** | ) | **JURY TRIAL DEMANDED** |
| **A WHOLLY-OWNED** | ) | |
| **SUBSIDIARY OF PORTFOLIO** | ) | |
| **RECOVERY ASSOCIATES, INC.** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Debbie L. Quist, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Debbie L. Quist, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the ("FCCPA") Florida Consumer Collection Practices Act.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains an office located in this District.

## III.  PARTIES

4. Plaintiff, Debbie L. Quist, is an adult natural person residing at 12417 Gatley Oak Lane East, Jacksonville, Florida 32225. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (Defendant), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Florida and the Commonwealths of Virginia and Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. For at least six (6) months, Plaintiff has been receiving calls from the Defendant attempting to collect on a debt allegedly owed on a delinquent Capital One account.

8. Plaintiff is said to owe a balance of approximately $3,000.00 or more.

9. Plaintiff is unsure of the account and believed that it must be over ten (10) years old.

10. During the initial calls, Plaintiff requested validation in writing.

11. Defendant declined to send the Plaintiff anything, informing her that her name was on the account so that meant she owed the money.

12. In the past few months, Plaintiff discovered that the account was opened by her ex-husband in her name, and to no avail tried to explain this to the Defendant every time they called and demanded money.

13. Plaintiff has never received a statement from Capital One on this alleged account.

14. Plaintiff has never personally made a payment on this alleged account.

15. Upon knowledge and belief, this account was opened in New Hampshire.

16. The Plaintiff is remarried and resides in Florida.

17. Despite continually asking the Defendant to send validation in writing, the Plaintiff has received nothing, however the Defendant continues to call daily to demand that payment arrangements be made.

18. The Defendant has failed to inform the Plaintiff of her rights to dispute this debt within thirty (30) days.

19. Defendant has continued their collection efforts despite not supplying the Plaintiff with requested validation.

20. In late September, 2012, Plaintiff received a call from an agent of the Defendant, who demanded to know where the Plaintiff worked and why she did not have the money to pay her bills.

21. Plaintiff again asked why she had not received anything in writing.

22. Defendant's male agent stated that they had sent her something and it was not his fault if she could not locate it.

23. Defendant continued to berate the Plaintiff asking her where she kept her mail and who did she allow to go through her mail.

24. During that same call, Plaintiff again tried to explain that she did not know of the account and was sure that it had been opened in her name by her ex-husband.

25. Defendant's male agent replied that he was not interested in the Plaintiff's problems and that she just need to pay her bills.

26. On or about September 24, 2012, Plaintiff received multiple calls from the Defendant demanding that the account be paid off in full immediately.

27. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

| | |
|---|---|
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FCCPA

### *VIOLATIONS OF THE FLORIDA* CONSUMER COLLECTION PRACTICES AT

34.   The above paragraphs are hereby incorporated herein by reference.

35.   At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes;

36.   The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

(15)   Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested

to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: October 5, 2012**

**BY:** */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff